### 3937.  CAMPBELL *v.* THE STATE.

The evidence strongly supports the verdict, and the alleged newly discovered testimony would not probably change the result on a second trial.
DECIDED MARCH 19, 1912.

Accusation of sale of liquor; from city court of Houston county —Judge Brunson.  December 4, 1911.

*M. Kunz,* for plaintiff in error.

*R. E. Brown, solicitor,* contra.

HILL, C. J.  The plaintiff in error was convicted of selling whisky in Houston county. The evidence for the State strongly supports the verdict. She asks for a new trial on the ground of newly discovered testimony, to wit, that her residence, where the State's witnesses testified that they bought whisky from her on divers occasions during the year 1911, was in Dooly county, and not in Houston county. On the trial three witnesses swore positively that her residence was in Houston county, and she made no question of jurisdiction. In support of this ground of her motion she presented the affidavit of one witness, who swore that the accused lived in Dooly county at the time of the commission of the offense. She also offered to prove by a deed to certain land in Dooly county that the place where she lived was in Dooly county. She claimed that her home was on the land conveyed by this deed; but in the description of the land conveyed there is nothing to show that,it included her home. The State, in a counter-showing, presented the affidavits of three men, who swore that they were familiar with the location of the home of the accused, and had known it for thirty-five or forty years, and that it was in Houston county. The alleged newly discovered evidence would not probably change the result on a second trial. It is unreasonable that one can live for many years in one place without knowing the county

in which he or she has resided for so long a time., There was no error in refusing to grant a new trial on this ground. Certainly the slightest diligence, either by the accused or her counsel, would have discovered the fact.  *Judgment affirmed.*